**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD H. EDWARDS,

      Petitioner,                  Civil No. 04-74399-DT
                                      HONORABLE GEORGE CARAM STEEH
v.                              UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

Richard H. Edwards, ("petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Emmet County Probation and Parole Office, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of delivery or manufacture of a controlled substance, contrary to M.C.L.A. 333.7401 (2)(a)(iv); and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner pleaded guilty to the above offenses in the Emmet County Circuit Court, as part of a plea bargain. In entering his plea of guilty, petitioner admitted to taking some methadone pills which had been prescribed to him while he was incarcerated at the Emmet County Jail, placing them in an envelope, and handing

1

the envelope to a jail guard to deliver to his girlfriend.  Petitioner was sentenced to two years, ten months to forty years in prison.

Petitioner subsequently moved to withdraw his guilty plea, claiming in part, that his trial counsel had been ineffective in advising him to plead guilty, rather than to raise a defense that petitioner was legally authorized to possess the methadone that was delivered in this case, because the methadone had been prescribed to him. The trial court denied the motion to withdraw on July 14, 2003.  Petitioner's conviction was affirmed on appeal. *People v. Edwards,* 250151 (Mich.Ct.App. October 3, 2003); *lv. den.* 469 Mich. 1003; 675 N.W. 2d 592 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Conviction obtained by guilty plea that was involuntary and/or without understanding due to constitutionally ineffective counsel.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner contends that he should have been permitted to withdraw his guilty plea, because his trial counsel was ineffective in failing to investigate and pursue a defense in this case, specifically, that petitioner was authorized to possess the methadone that he delivered, because he had a prescription for the drug.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that

3

counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59; *See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)( a habeas petitioner who alleges that a guilty plea was entered as the result of ineffective assistance of counsel must show that, but for counsel's errors, he or she would not have pleaded guilty, because there would have been at least a reasonable chance that he or she would have been acquitted). "If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him."

4

*Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001).

In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002). Petitioner points to the fact that one of the elements of possession with intent to deliver a controlled substance is that the defendant was not legally authorized to possess the controlled substance. *See* C.J.I. 2d 12.3 (6). Petitioner, however, did not plead guilty to possession with intent to deliver methadone, but instead pleaded guilty to delivery of methadone. One of the elements of delivery of a controlled substance in Michigan is that the defendant was not legally authorized to deliver the controlled substance. *See* C.J.I. 2d 12.2(6); *See also People v. Dillard,* 2004 WL 981161, * 1 (Mich.Ct.App. May 6, 2004); *People v. Alexander,* 2003 WL 21108643, * 1 (Mich.Ct.App. May 15, 2003). Although petitioner may have been legally authorized to possess the methadone in question as a result of it being prescribed to him at the Emmet County Jail, petitioner has presented no proof, nor is there any from the record, that petitioner was authorized by this prescription or by any other authority to deliver methadone to other persons. Because the lawful possession of the methadone was not a defense to the delivery charge, petitioner's trial counsel was not ineffective in advising petitioner to plead guilty rather than go to trial on the delivery charge.

5

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

6

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 5, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

7